**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000376
13-APR-2026
09:04 AM
Dkt. 81 SO**

NO. CAAP-24-0000376

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
GEORGE TONG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-23-0000694)

## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

George **Tong** was convicted of Criminal Property Damage in the Second Degree[1] after a bench trial.[2] He appeals from the ***Amended Judgment of Conviction*** *and Probation Sentence* and the *Free Standing* ***Order of Restitution*** entered by the Circuit Court of the First Circuit. We affirm.

Tong was charged with damaging the property of American Savings Bank (**ASB**). He allegedly applied glue to an ASB automatic teller machine (**ATM**) on February 17, 2023. During his

---

[1] Hawaii Revised Statutes § 708-821 (2014) provides:

(1) A person commits the offense of criminal property damage in the second degree if by means other than fire:

. . . .

(b) The person intentionally or knowingly damages the property of another, without the other's consent, in an amount exceeding $1,500[.]

[2] The Honorable Catherine H. Remigio presided.

trial he admitted he "spilled the glue or squeezed the glue all over the machine." He was found guilty as charged, and sentenced to four years of probation. A restitution hearing was held. The Amended Judgment of Conviction and the Order of Restitution were entered on April 24, 2024. This appeal followed.

Tong contends the trial court erred by: (1) admitting the amount of a proposal to fix the ATM; and (2) finding that Tong knew he was causing more than $1,500 of damage to the ATM.

**(1)** State's Exhibit 11 was a redacted copy of Diebold Nixdorf's proposal to fix the damaged ATM for $7,435.68. When the State offered Exhibit 11 into evidence, Tong objected "as to foundation, hearsay, and confrontation." On appeal, Tong argues Exhibit 11 "is hearsay" and "without requiring a witness to explain the bases for that amount, the Circuit Court denied Tong his Due Process right to a Fair Trial."

Exhibit 11 was offered to prove the amount of damage to the ATM. One of ASB's employees testified that Diebold Nixdorf "repair and maintain our ATMs." ASB's ATM operations manager, Laura **Ibanes**, authenticated Diebold Nixdorf's proposal as the one she signed to authorize the repair. Exhibit 11's $7,435.68 amount was not hearsay because it was not offered to prove what Diebold Nixdorf thought the repair would cost; it proved the amount ASB paid its regular vendor to fix the ATM that Tong damaged. The declarant was Ibanes; she authorized the $7,435.68 repair. The trial court correctly stated, "the amount that she approved is obviously relevant."

The trial court noted that Tong "will have the opportunity to question [Ibanes] as to why she approved that amount." On cross-examination, Ibanes confirmed that Diebold Nixdorf was "the company that services all of the ATM machines" and that "a service technician was deployed to American Savings Bank to determine the amount of damages in this case[.]" She was not asked why she approved the repair cost or what she did before approving the repair. There was no confrontation clause violation.

**(2)** Tong argues the trial court erred by finding he knew he was causing over $1,500 in damage to the ATM. Relevant here, Hawaii Revised Statutes (**HRS**) § 708-801 (2014) provides:

> Whenever the value of property or services is determinative of the class or grade of an offense, or otherwise relevant to a prosecution, the following shall apply:
>
> . . . .
>
> (4) When acting intentionally or knowingly with respect to the value of property or services is required to establish an element of an offense, the value of property or services shall be prima facie evidence that the defendant believed or knew the property or services to be of that value.

Tong argues that "the Circuit Court expressly found against the presumption of HRS § 708-801(4)." He cites this excerpt from the trial transcript, after the court found Tong's acts to be "deliberate, that means intentional":

> Now, whether or not this Court believes that at the time that this happened that this defendant, Mr. Tong, knew that it was going to be $7,435.68, I don't find that. That is a very specific amount. That is a lot, and I don't believe that that was proven beyond a reasonable doubt. ***But the Court does believe that an amount greater than 1,500 was proven***, given the machine itself, given the areas that were deliberately squirted with glue, including a dispenser where cash could not come out anymore, including the place where magnetic cards of ATM, debit, or whatever you use in there would go in, and include buttons that if glued together would not be able to work would indicate to this Court that there was, at least an intimate understanding that quite a bit of damage would be done, not simply damage that could be wiped off by a rag and water. And in fact that was attempted by [ASB's assistant branch manager] to no avail. And the damage was more than that.

(Emphasis added.)

The court found that the State did not prove beyond a reasonable doubt that Tong believed or knew the *specific* cost to repair the damage to the ATM caused by the glue he squeezed on it was $7,435.68. But the court also found that the State proved beyond a reasonable doubt that Tong believed or knew the amount of damage was greater than $1,500. That finding was supported by substantial evidence in the record and was not clearly erroneous. See State v. Batson, 73 Haw. 236, 246, 831 P.2d 924, 930 (1992)

3

(stating, of jury-waived criminal trial, that "findings of the trial court will not be disturbed unless clearly erroneous").

The April 24, 2024 *Amended Judgment of Conviction and Probation Sentence* and *Free Standing Order of Restitution* are affirmed.

DATED:  Honolulu, Hawaiʻi, April 13, 2026.

On the briefs:

Henry P. Ting,
Deputy Public Defender
for Defendant-Appellant
George Tong.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee
State of Hawaiʻi.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge